**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM IRIZARRY, ) | |
| ) | CASE NO. 1:10-cv-0836 |
| Plaintiff, ) | |
| ) | JUDGE O'MALLEY |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | DOC. NO. 10 |
| ) | |

This matter is before the magistrate judge on referral.  Defendant, Commissioner of Social Security, Michael J. Astrue ("Commissioner"), moves to dismiss the complaint of plaintiff, William Irizarry ("Irizarry"), for the reason that Irizarry has failed to exhaust administrative remedies and, therefore, this matter is beyond the court's subject matter jurisdiction.  Irizarry opposes the Commissioner's motion.  Doc. No. 13.  For the reasons given below, the Commissioner's motion should be GRANTED.

I.

Irizarry alleges or does not deny the following facts.  On February 26, 2007, Irizarry filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 423 and 1381(a).  In his Application

Summary for Disability Insurance Benefits and his Application Summary for Supplemental Security Income, Irizarry gave his address as 3001 Leavitt Rd., Apt. B8, Lorain, OH 44052 ("the Leavitt Rd. address"). Reply, Doc. No. 16, Exh. 1, pp. 1-7. Both summaries contained the following directive: "[I]f you change your address . . . you--or someone for you--should report the change." *Id.* at 3, 7

Irizarry's application was denied initially and upon reconsideration. The Office of Disability Adjudication and Review ("ODAR") mailed the initial denial to the Leavitt Rd. address. *Id.* at 8-13. Irizarry's Request for Reconsideration, filed in August 2007, gave his mailing address as 2334 Apple Avenue, Lorain OH 44055 ("the Apple Ave. address"). *Id.* at 14. Upon rejection of his Request for Reconsideration, Irizarry timely requested a hearing before an Administrative Law Judge ("ALJ").

On May 19, 2009, the Office of Disability Adjudication and Review ("ODAR") mailed a notice to Irizarry that a compact disc containing all information in his record was being mailed to him. ODAR sent this notice to the Apple Ave. address. On June 17, 2009, ODAR sent to the Apple Ave. address a Notice of Hearing, advising him of the time and place of his hearing. These notices were returned as undeliverable. On June 24, 2009, ODAR sent to the Leavitt Rd. address a notice that a compact disc containing all information in his record was being mailed to him and a Notice of Hearing, advising him of the time and place of his hearing. These notices also were returned as undeliverable. ODAR contacted the Post Office on June 16, 2009 and July 8, 2009 to verify Irizarry's address. The Post Office responded that he had moved without leaving a forwarding address.

On August 26, 2009, the ALJ issued an order dismissing Irizarry's request for a

2

hearing for failure to provide information regarding his whereabouts and failure to appear at the time and place of his hearing. ODAR sent this order to the Apple Ave. address. Irizarry then filed a request for the Appeals Council to review the dismissal, giving his address as 613 W. 25th St., Lorain OH 44052. The Appeals Counsel denied Irizarry's request for a review. Irizarry did not assert in his request for a review that he had failed to receive notice of his administrative hearing. Defendant's Motion, Exh. 8.

Irizarry filed the instant action on April 21, 2010. Irizarry argues that the ALJ's dismissal of his request for a hearing was not supported by substantial evidence, was based upon the application of erroneous legal standards, and failed to include necessary findings of fact and adequate reasons for the dismissal. He also argues that he was not given an adequate hearing by the ALJ. The Commissioner now moves to dismiss, contending that the ALJ's dismissal is not reviewable by this court. Irizarry opposes the Commissioner's motion.

II.

Title 42 U.S.C. § 405(g) and (h) authorize judicial review in cases arising under Title II of the Social Security Act. Those provisions also make clear that they are the exclusive jurisdictional basis for judicial review. Title 42 U.S.C. § 405(g) ("§ 405(g)") provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(h) then provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security

3

>or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this subchapter.

Thus, Congress has explicitly stated that, in claims arising under the Social Security Act, judicial review is permitted only in accordance with § 405(g).

Section 405(g) authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." The Supreme Court has recognized that "[t]his provision clearly limits judicial review to a particular type of agency action." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The term "final decision" is undefined in the Act, and "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975). The regulations, in turn, provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 404.900(a); see *Sanders*, 430 U.S. at 102 ("The Act and regulations thus create an orderly administrative mechanism, with district court review of the final decision of the [Commissioner]. . . .").

Under Social Security Administration regulations, an individual claiming entitlement to benefits first receives an initial determination. 20 C.F.R. § 404.902. If the claimant is dissatisfied with this determination, the claimant may ask for reconsideration. 20 C.F.R. § 404.907. If the claimant is dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ. 20 C.F.R. § 404.929. If the claimant is dissatisfied with the ALJ's hearing decision, the claimant may request that the Appeals Council review the decision. 20 C.F.R. § 404.967. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. 20 C.F.R. § 404.981. The Appeals Council may also grant the request for review and issue its own

decision. *Id.* In either event, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. *Id.*; *see also* 20 C.F.R. § 422.210. Thus, under the regulations, a claimant obtains a judicially reviewable final decision only if he completes the administrative appeals process and receives either (1) a decision by the Appeals Council, or (2) notice from the Appeals Council that it is denying his request for review. 20 C.F.R. §§ 404.981, 422.210. The Sixth Circuit has held that when a request for a hearing is dismissed, there is no "final decision . . . made after a hearing" for a district court to review. *Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 69 (6th Cir. 1993).

Irizarry did not appear for his administrative hearing, and the ALJ dismissed his request for a hearing. Consequently, pursuant to *Hilmes*, there was no final decision for this court to review. In addition, Irizarry's failure to complete the administrative process deprives this court of jurisdiction over his case.

Irizarry responds that the Commissioner had no reason to believe that Irizarry was reachable at either address. He further asserts that he "apparently" did not receive notice of the administrative hearing. Plaintiff's Opposition at 1.

The court construes these assertions as an attempt to make a due process challenge to the procedures used in dismissing Irizarry's request for an administrative hearing. A constitutional challenge to the Commissioner's procedures is a recognized exception to the rule that a district court is without jurisdiction to hear an appeal from a dismissal in the absence of a final decision. *See Hilmes v. Sec'y of Health and Human Servs.*, 983 F.2d 67, 70 (6th Cir. 1993); *see also Califano v. Sanders,* 430 U.S. 99, 109 (1977). Irizarry's argument that he was not accorded due process, however, is not well-

taken.

A procedural due process claim asserts that although the deprivation of a constitutionally-protected interest in "life, liberty, or property" may not of itself have been unconstitutional, the procedure by which the deprivation was effected was unconstitutional. *Parratt v. Taylor,* 451 U.S. 527, 537 (1981); *Carey v. Piphus*, 435 U.S. 247, 259 (1978) ("Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty or property"). To determine whether a constitutional violation has occurred, a court must determine

> what process [was] provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by . . . law.

*Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Courts weigh several factors in making this determination:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Irizarry does not specify what additional process was required of the Commissioner before depriving him of a hearing or in the further adjudication of his claim. It is clear, moreover, that Irizarry is simply wrong in asserting that the Commissioner had no reason to believe Irizarry was at either of the addresses to which ODAR sent notices of the administrative hearing. The record makes clear that the Commissioner had excellent reasons for believing that Irizarry was reachable at the Apple Ave. address and, in default

6

of that address, at the Leavitt Rd. address.  At various times, Irizarry gave each of these addresses to the Commissioner as addresses at which he might be reached.  Irizarry also failed to tell the Commissioner of any other address at which he might be reached, as he was required to do.  Furthermore, the Commissioner contacted the Post Office twice in an attempt to discover an address at which Irizarry might be reached.  Irizarry does not explain what else the Commissioner should have done to reach him, nor does he cite any law for the proposition that due process required such additional action from the Commissioner.

As regards the assertion that Irizarry "apparently" did not receive actual notice of the administrative hearing, Irizarry has provided no affidavit in support of this assertion.  Consequently, there is no evidence in the record from which to conclude that Irizarry did not, in fact, receive notice of the hearing.

Finally, Irizarry has, in any case, defaulted his argument that he had good cause for his failure to appear at his administrative hearing.  In *Hilmes*, the Sixth Circuit found that the plaintiff defaulted on his opportunity to present "good cause" for his failure to appear at his hearing because plaintiff failed to present such "good cause" to the Appeals Counsel when he appealed the ALJ's decision to dismiss.  Similarly, because Irizarry did not present to the Appeals Council his contention that he had good cause for his failure to appear, he has defaulted that claim in this court.

Irizarry has no final decision from which he might appeal.  This court does not, therefore, have jurisdiction to hear his appeal.  Moreover, Irizarry does not fall within the exception to the rule that a district court has no jurisdiction to hear an appeal from a dismissal by the ALJ because he fails to demonstrate that the dismissal was the product of a constitutional violation.  Finally, regardless of the reasons given above, Irizarry has

defaulted any argument that he had good cause for his failure to appear because he failed to present those reasons to the Commissioner when he had an opportunity to do so.

III.

For the reasons given above the Commissioner's motion to dismiss Irizarry's complaint should be GRANTED and his complaint with DISMISSED prejudice.

Date: November 29, 2010          /s/ *Nancy A. Vecchiarelli*
United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** ***See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)**. ***See also Thomas v. Arn*, 474 U.S. 140 (1985),** ***reh'g denied*, 474 U.S. 1111**.