IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM IRIZARRY, | ) | CASE NO. 1:10 CV 836 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY | ) | Magistrate Judge Vecchiarelli |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli (Docket #17) recommending that the Court grant the Motion to Dismiss filed by the Commissioner on August 13, 2010 (Docket #10). The Commissioner seeks dismissal on the basis that Mr. Irizarry failed to exhaust administrative remedies and, therefore, this matter is beyond the Court's subject matter jurisdiction.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

> On February 26, 2007, Irizarry filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 423 and 1381(a). In his Application

Case: 1:10-cv-00836-DCN Doc #: 20 Filed: 01/26/11 2 of 5. PageID #: 161

Summary for Disability Insurance Benefits and his Application Summary for Supplemental Security Income, Irizarry gave his address as 3001 Leavitt Rd., Apt. B8, Lorain, OH 44052 ("the Leavitt Rd. address"). Reply, Doc. No. 16, Exh. 1, pp. 1-7. Both summaries contained the following directive: "[I]f you change your address . . . you--or someone for you--should report the change." *Id.* at 3, 7.

Irizarry's application was denied initially and upon reconsideration. The Office of Disability Adjudication and Review ("ODAR") mailed the initial denial to the Leavitt Rd. address. *Id.* at 8-13. Irizarry's Request for Reconsideration, filed in August 2007, gave his mailing address as 2334 Apple Avenue, Lorain OH 44055 ("the Apple Ave. address"). *Id.* at 14. Upon rejection of his Request for Reconsideration, Irizarry timely requested a hearing before an Administrative Law Judge ("ALJ").

On May 19, 2009, the Office of Disability Adjudication and Review ("ODAR") mailed a notice to Irizarry that a compact disc containing all information in his record was being mailed to him. ODAR sent this notice to the Apple Ave. address. On June 17, 2009, ODAR sent to the Apple Ave. address a Notice of Hearing, advising him of the time and place of his hearing. These notices were returned as undeliverable. On June 24, 2009, ODAR sent to the Leavitt Rd. address a notice that a compact disc containing all information in his record was being mailed to him and a Notice of Hearing, advising him of the time and place of his hearing. These notices also were returned as undeliverable. ODAR contacted the Post Office on June 16, 2009 and July 8, 2009 to verify Irizarry's address. The Post Office responded that he had moved without leaving a forwarding address.

On August 26, 2009, the ALJ issued an order dismissing Irizarry's request for a hearing for failure to provide information regarding his whereabouts and failure to appear at the time and place of his hearing. ODAR sent this order to the Apple Ave. address. Irizarry then filed a request for the Appeals Council to review the dismissal, giving his address as 613 W. 25th St., Lorain OH 44052. The Appeals Counsel denied Irizarry's request for a review. Irizarry did not assert in his request for a review that he had failed to receive notice of his administrative hearing. Defendant's Motion, Exh. 8.

Irizarry filed the instant action on April 21, 2010. Irizarry argues that the ALJ's dismissal of his request for a hearing was not supported by substantial evidence, was based upon the application of erroneous legal standards, and failed to include necessary findings of fact and adequate reasons for the dismissal. He also argues that he was not given an adequate hearing by

-2-

the ALJ.

On August 13, 2010, the Commissioner filed a Motion to Dismiss (Docket #10), contending that the ALJ's dismissal is not reviewable by this Court because Mr. Irizarry failed to exhaust his administrative appeal remedies with respect to his claim for benefits. On October 13, 2010, Mr. Irizarry filed his Opposition to Motion to Dismiss (Docket #13). Mr. Irizarry makes a due process argument, asserting that he never received notice of an administrative hearing and, therefore, that this appeal should not be dismissed. On November 3, 2010, the Commissioner filed a Reply Brief (Docket 16).

## Report and Recommendation

The Magistrate Judge recommends that the Motion to Dismiss filed by the Commissioner be granted, determining that the Court has no jurisdiction in this matter because there is no final decision from which an appeal may be taken and no violation of Mr. Irizarry's right to procedural due process.

On December 13, 2010, Mr. Irizarry filed his Opposition to the Report and Recommendation (Docket #18). Mr. Irizarry states that he is mentally ill; was previously unrepresented; and, thus the failure to exhaust his administrative remedies should be excused. Mr. Irizarry argues that the strict application of procedural rules to claimants who are mentally disabled is unfair and that the benefit of the doubt should be given to the claimant. SSR 91-5p.

On December 22, 2010, the Commissioner filed a Response to Mr. Irizarry's Objections (Docket #19). The Commissioner asserts that because Mr. Irizarry never received a "final decision" of the Commissioner, there is no basis for judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3.) The Commissioner states that Agency notice procedures were followed and

proper. The Commissioner states that this Court has no jurisdiction and Mr. Irizarry could have pursued an administrative remedy, allowing the Agency to address Mr. Irizarry's concerns, either by filing a new application with the Agency or requesting a reopening of the prior determination.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

### Conclusion

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo* and has considered all of the filings of the parties and the record in this case, as well as the Opposition to the Report and Recommendation filed by Mr. Irizarry and the Response thereto filed by the Commissioner. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

There is no final decision of the Commissioner from which Mr. Irizarry can appeal and, therefore, this Court does not have jurisdiction to hear his appeal. There is no evidence to support the assertion that Mr. Irizarry's right to procedural due process was violated, as the record in this case is clear as to the actions taken to provide notice of the administrative hearing to Mr. Irizarry. Mr. Irizarry asserts that he had "good cause" for his failure to appear. However,

he defaulted on his opportunity to present evidence of "good cause" in this court by failing to present his "good cause" argument to the Appeals Council.

Accordingly, the Report and Recommendation of Magistrate Judge Vecchiarelli (Docket # 17) is hereby ADOPTED. The Motion to Dismiss filed by the Commissioner (Docket #10) is hereby GRANTED. This case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: January 26, 2011